[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION #148)
The court, having conducted an in camera inspection of materials supplied by the defendant, Griffin Hospital, finds that the subject materials are not subject to discovery pursuant to Connecticut General Statutes § 19a-17b, a copy of which is attached hereto.
Accordingly, the objections to Requests for Production (3), (4), (8), (9), (11b) and (12b) are hereby sustained.
In ruling on these objections, the court is cognizant of certain exceptions within C.G.S. § 19a-17b(d)(1), (2), (3) and (4). However, the court finds that the exceptions enumerated above, are not the subject of the matters before the court at this time.
The Court
By Arnold, J.
Sec. 19a-17b. (Formerly Sec. 38-19a). Peer review:
Sec. 19a-17b. (Formerly Sec. 38-19a). Peer review: Definitions; immunity; discovery permissible re proceedings.
(a) For the purposes of this section: CT Page 15040
(1) "Health care provider" means any person, corporation, limited liability company, facility or institution operated, owned or licensed by this state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment.
(2) "Peer review" means the procedure for evaluation by health care professionals of the quality and efficiency of services ordered or performed by other health care professionals, including practice analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review and claims review.
(3) "Professional society" includes medical, psychological, nursing, dental, natureopathic, osteopathic, optometric, pharmaceutical, chiropractic, podiatric, physical therapy and occupational therapy organizations as well as individual practice associations as defined in Section 300e-1(5) of the Public Health Service Act, 42 U.S.C. § 300e-1
(5), as amended, having as members at least a majority of the eligible licentiates in the area or health care facility or agency served by the particular society or, in the case of physical therapy organizations, at least twenty-five per cent of the eligible licentiates in the state.
(4) "Medical review committee" shall include any committee of a state or local professional society or a committee of any health care institution established pursuant to written bylaws, and any utilization review committee established pursuant to Public Law 89-97, and a professional standards review organization or a state-wide professional standards review council, established pursuant to Public Law 92-603, engaging in peer review, to gather and review information relating to the care and treatment of patients for the purposes of (A) evaluating and improving the quality of health care rendered; (B) reducing morbidity or mortality; or (C) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care. It shall also mean any hospital board or committee reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto.
(b) There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person who provides testimony, information, records, documents, reports, proceedings, minutes or conclusions to any hospital, hospital medical staff, professional society, medical or dental school, professional licensing board or medical review committee when such communication is intended to aid in the evaluation of the qualifications, fitness or character of a health care provider and does not represent as true any matter not reasonably believed to be true. CT Page 15041
(c) There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any member of a medical review committee for any act or proceeding undertaken or performed within the scope of any such committee's functions provided that such member has taken action or made recommendations without malice and in the reasonable belief that the act or recommendation was warranted.
(d) The proceedings of a medical review committee conducting a peer review shall not be subject to discovery or introduction into evidence in any civil action for or against a health care provider arising out of the matters which are subject to evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to the content of such proceedings; provided the provisions of this subsection shall not preclude (1) in any civil action, the use of any writing which was recorded independently of such proceedings; (2) in any civil action, the testimony of any person concerning the facts which formed the basis for the institution of such proceedings of which he had personal knowledge acquired independently of such proceedings; (3) in any health care provider proceedings concerning the termination or restriction of staff privileges, other than peer review, the use of data discussed or developed during peer review proceedings; or (4) in any civil action, disclosure of the fact that staff privileges were terminated or restricted, including the specific restriction imposed, if any. Sec.19a-17b. (Formerly Sec. 38-19a). Peer review: